IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MICAH HIGTHOWER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. 9:06-CV-170 |
| v. | § | |
| | § | |
| SAN AUGUSTINE COUNTY AND | § | JUDGE RON CLARK |
| SHERIFF DON MICHAEL, | § | |
| | § | |
| *Defendant*s. | § | |

## ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the court is Defendants' Motion for Summary Judgment seeking dismissal of the claims of Plaintiff Micah Hightower ("Hightower"). Hightower claims Defendants unlawfully discharged him in retaliation for: 1) filing a complaint seeking overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), and 2) filing a worker's compensation claim under Texas Labor Code § 451.001.

### I. Background

Hightower's claims against Defendants are for retaliatory discharge in violation of Tex. Lab. Code § 451.001 and the FLSA. In 2003, Hightower, a jailer with San Augustine County, filed a complaint under the FLSA seeking back overtime wages. Plaintiff does not allege that any adverse employment action occurred at that time.

On May 25, 2006, Hightower telephoned Sheriff Michael, his supervisor, and stated that he had filed a worker's compensation claim in connection with a wrist injury that occurred on December 18, 2005.

On June 12, 2006, Hightower called Sheriff Michael and asked to be let off of his evening shift, which was scheduled from 6:00 p.m. to 6:00 a.m., because his truck was broken. Sheriff Michael told Hightower that there was nobody who could cover his shift but a deputy could bring him to work, if necessary. Hightower arrived on time for his shift that evening.

Near the end of the shift, at approximately 5:30 a.m. on June 13, 2006, Sheriff Michael called Hightower into his office and reprimanded Hightower for calling his residence the day before.  This conversation was recorded via audio device. Hightower walked out of the office at approximately 5:45 a.m.

Defendants move for summary judgment, arguing that there was no adverse employment action because Hightower voluntarily resigned when he left his post before his shift ended, and that there is no causal connection between Hightower's protected activities and the adverse employment action.

## II. Standard of Review

The party moving for summary judgment under Fed. R. Civ. P. 56 has the initial burden of demonstrating there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 2514 (1986).  Movant may show that the undisputed material facts affirmatively establish a right to judgment.  Alternatively, movant may establish that the other party has the burden of proof at trial, and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2522 (1986).

In order to avoid summary judgment, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S. Ct. 1348, 1335 (1986); *Anderson*, 477 U.S. at 257, 106 S. Ct. at 2514. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S. Ct. at 1356. Fed. R. Civ. P. 56 requires the nonmoving party set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 256, 106 S. Ct. at 2514. Only a genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.* If the factual context renders a claim implausible (for example if the claim simply makes no economic sense) nonmovants "must come forward with more persuasive evidence to support their claim than would otherwise be necessary." *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356.

Fed. R. Civ. P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. But, the court is not going to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir. 1996)(citations omitted); *see also* Local Rule CV-56(c) and Appendix 1, ¶ 3 of the Order Governing Proceedings in this case. All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be

resolved in its favor. *Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356. However, only reasonable inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468, 112 S. Ct. 2072, 2083 (1992).

### III. Discussion

**A. Fair Labor Standards Act**

Hightower accuses Defendants of discharging him in violation of Section 215(a)(3) of the Fair Labor Standards Act. Section 215(a)(3) of the Fair Labor Standards Act prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter . . . ." An action under Section 215(a)(3) is subject to the burden-shifting framework of *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 1824 (1973).[1] *Kanida v. Gulf Coast Medical Personnel, LP,* 363 F.3d 568, 577 (5th Cir. 2004).

Under this framework, a plaintiff must first make a *prima facie* showing of (1) participation in a protected activity; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action. *Cain v. Blackwell*, 246 F.3d 758, 761 (5th Cir. 2001). If a plaintiff meets this burden, the defendant must then articulate a legitimate, non-discriminatory reason for his decision. *Kanida*, 363 F.3d at 577. The burden then shifts back to the plaintiff to demonstrate that the proffered reason is a pretext for discrimination. *Id.*

---

[1]Plaintiff has not presented any arguments related to a mixed-motive analysis. *See Jones v. Overnite Transp. Co.*, 212 Fed.Appx. 268, 276 (5th Cir. 2006)(holding that plaintiff's failure to present a mixed-motive theory waives such an argument).

1. Prima Facie Case

     Defendants concede that the first element is met, namely that Hightower's filing of a complaint under the FLSA constitutes protected activity. However, Defendants allege that Hightower quit so he cannot prove that he suffered an adverse employment action. Defendants also contend no causal connection exists between Hightower's FLSA protected activity in 2003 and the adverse employment action in 2006, if any.

     The recording of the conversation between Hightower and Sheriff Michael does not indicate that Hightower was fired at that time. If he voluntarily quit he has no claim for wrongful termination. However, the record now before the court is not so clear as to what followed the conversation in the office. Since every inference must be viewed in the light most favorable to Hightower, the court will assume, solely for purposes of this analysis, that he was terminated.

     The FLSA claim was filed in 2003 when Hightower was working under Sheriff Michael's predecessor, Sheriff Cartwright. It is undisputed that no adverse action occurred at that time. The length of time between the 2003 FLSA complaint and the June 2006 employment actions suggests that a retaliatory motive was highly unlikely. *See Grizzle v. Travelers Health Network, Inc.,* 14 F.3d 261, 268 (5th Cir. 1994)(where the only evidence of retaliation is plaintiff's own subjective belief and *more than 10 months* have elapsed since the protected activity, a retaliatory motive is unlikely.) Even if the court accepts that Hightower was terminated from his employment, Hightower has no evidence that the adverse employment action would not have occurred *but for* Hightower's protected activity. *Kanida,* 363 F.3d at 580.

5

Two other factors weigh against even an inference of retaliation under the FLSA. In the first place, Hightower was not working for Sheriff Michael when he filed the FLSA suit in 2003. Rather John Cartwright was Sheriff in 2003 when Hightower and 5 other employees brought suit under the FLSA and received a settlement. Michael did not take office as Sheriff until January 2005. Hightower admits that since the settlement in 2003 he has been properly paid for overtime. In the second place, the five other employees who were parties to the same FLSA suit are still employed with the County. None of them have suffered any discrimination or adverse employment action.

The only evidence Hightower submits is that Sheriff Michael has allegedly complained about his decreased budget because of the FLSA suit. Conclusory and speculative statements made after a suit was filed are not sufficient to defeat summary judgment. *See Pfau v. Gilfer,* 211 Fed.Appx. 271, 272 (5th Cir. 2006). In this case the FLSA claim was filed and settled before Sheriff Michael took office.

Hightower was an at-will employee who served at the pleasure of the Sheriff. He could quit at any time, and could be fired for any reason or for no reason, as long as he was not fired for reasons prohibited by law. Hightower has submitted no evidence other than alleged misgivings about the budget to suggest that his FLSA complaint filed three years before the alleged adverse employment action was a factor in the decision. Given that the FLSA suit was filed and settled while another man was Sheriff, the length of time between the settlement and the alleged adverse action that gives rise to this suit, and the lack of any allegation of retaliation against the other 5 employees, Defendants are entitled to summary judgment on Hightower's FLSA claim.

2. Qualified Immunity

Due to the disposition of Hightower's FLSA claim, the court need not reach the questions of whether qualified immunity applies to the FLSA claim, whether San Augustine County is an employer under the FLSA, and whether Hightower may seek relief from both the San Augustine County and Sheriff Michael in his official capacity under the FLSA.[2]  *See Eberle v. Gonzales,* 2007 WL 1455928, n. 3 (5th Cir. 2007)(declining to reach defendants' immunity arguments because the plaintiff failed to establish a *prima facie* case of retaliation.)

**B. Supplemental Jurisdiction over Claim under Texas Labor Code**

The only remaining claim is Hightower's state law retaliation claim. Under  Tex. Lab. Code. § 451.001, *et seq.*, employers are prohibited from discharging or in any other manner discriminating against an employee because the employee has filed a worker's compensation claim in good faith. Where, as here, the claim giving rise to original jurisdiction is dismissed, a court may decline to exercise supplemental jurisdiction over the remaining state claim. *See* 28 U.S.C. § 1367(c).

Courts consider four factors in determining whether to exercise supplemental jurisdiction: (1) does the claim raise a novel or complex issue of State law; (2) does the claim substantially predominate over the claim or claims over which the district court has original jurisdiction; (3) has the district court dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, are there other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

---

[2]Defendant San Augustine County has not alleged that it is entitled to sovereign immunity.

1. Novel or Complex Issue

Worker's compensation claims are traditionally the province of state courts. In fact "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed . . . " 28 U.S.C. § 1445(c); *See Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991) ("Congress clearly intended that state courts should resolve workers' compensation suits"). This factor weighs in favor of not exercising supplemental jurisdiction.

2. State Claim Predominates and 3. All Federal Claims Dismissed

The claim under the Texas Labor Code has always been the predominant claim. For the reasons set out above the FLSA claim was tenuous at best. With judgment being granted on the FLSA claim, this court no longer has before it a federal claim over which it has original jurisdiction. The absence of any federal claims and predomination by the state claim support dismissal.

4. Other Compelling Reasons

A court may decline jurisdiction for "other compelling reasons." Compelling reasons include those that comport with judicial economy, convenience, fairness, and comity. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1998).

While the case has been on file for 10 months, the motion and response do not suggest that either party has spent much time developing evidence concerning the issues under state law. As noted, worker's compensation statutes are solely a matter of state law. These state law claims are made against a county Sheriff, an elected official and the chief law enforcement officer of the county under state law. The state has a particular interest in resolving such claims. Under these circumstances and in the absence of any viable federal claim, the court

will decline to exercise supplemental jurisdiction so that state courts may resolve this state claim.

IT IS THEREFORE ORDERED that Defendants' Motion for Summary Judgment [Doc. #20] is **GRANTED** as to Hightower's claim under the Fair Labor Standards Act and **DENIED** as to Hightower's claim under the Texas Labor Code.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike [Doc. #27] is **DENIED** as moot.

IT IS FURTHER ORDERED that Hightower's claim under the Texas Labor Code is **DISMISSED without prejudice**.

So **ORDERED** and **SIGNED** this **28** day of **June, 2007.**

Ron Clark, United States District Judge